**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

**RESEARCH PLAZA ACQUISITIONS, LLC**,
c/o Rubenstein Partners
2929 Arch St., 28th Floor
Philadelphia, Pennsylvania 19104

     Plaintiff,

v.

Civil Action No. _____

**TRUIST BANK**,
214 North Tryon Street
Charlotte, North Carolina 28202

     Defendant.

**NOTICE OF REMOVAL**
(Diversity Jurisdiction)

Defendant Truist Bank ("**Truist**"), through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1441 and 1446 that the action styled *Research Plaza Acquisitions, LLC v. Truist Bank*, Case No. D-06-CV-26-019139 in the District Court of Maryland for Montgomery County (the "**State Court Action**") is hereby removed to the United States District Court for the District of Maryland.  Removal is based on and 28 U.S.C. § 1332(a) (diversity jurisdiction).  As grounds for removal, Truist states as follows:

1.     On June 5, 2026, Plaintiff Research Plaza Acquisitions, LLC ("**RPA**") filed a Complaint and Summons against Tenant Holding Over in the State Court Action, asserting claims against Truist based on the parties' lease agreement.

2.     Pursuant to 28 U.S.C. § 1332(a), a United States District Court has original diversity jurisdiction over civil actions where the action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.

3.      This case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b) as diversity jurisdiction is established under 28 U.S.C. § 1332(a) for the reasons set forth below.

4.      <u>Plaintiff Is Completely Diverse from Defendant</u>:  Truist is a citizen of the State of North Carolina.  Although the Complaint is devoid of factual allegations concerning the citizenship of RPA, records from the Maryland State Department of Assessments and Taxation reflect that RPA is a Delaware limited liability company affiliated with Rubenstein Partners, a private equity firm headquartered in Philadelphia, Pennsylvania.  Truist has conducted reasonable diligence into Rubenstein Partners (including a review of Rubenstein Partners' website's "Team" page (https://rubensteinpartners.com/team/) and has not identified any evidence that any of RPA or Rubenstein's members is a citizen of North Carolina.  Because Truist is a citizen of North Carolina only, and because no member of RPA is a citizen of North Carolina, there is complete diversity of citizenship between the parties.

5.      <u>The Amount in Controversy Exceeds $75,000</u>:  The amount in controversy in this action exceeds $75,000. RPA asserts that it is entitled to monetary relief in the amount of $98,023.40.  *See* Compl. ¶ 5.  Therefore, according to RPA's own allegation in the Complaint, the amount in controversy exceeds the sum or value of $75,000, exclusive of fees and costs, as required by 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1446(c)(2).

6.      Removal to this Court is proper.  Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), and 28 U.S.C. § 100(1), this Notice of Removal is being filed in the United States District Court for the District of Maryland, which is the federal district court embracing the District Court of Maryland for Montgomery County, where the State Court Action was filed.

7.      Removal is timely.  According to the Return of Service filed in the State Court Action, the Complaint and Summons were first served on Truist on June 18, 2026.  This Notice of

Removal is being filed with this Court on July 10, 2026, within thirty (30) days after receipt by Truist of the Complaint and Summons.  *See* 28 U.S.C. § 1446(b).

8.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

9.     All procedural requirements have been met.

10.     Contemporaneously filed herewith are copies of all "process, pleadings and orders" filed in the State Court Action, and which are attached hereto as **Exhibits 1-5**. *See* 28 U.S.C. § 1446(a); Local Rule 103(5)(a).

11.     Attached hereto as **Exhibit 6** is a copy of the Notice of Filing Notice of Removal that Truist will file in the District Court of Maryland for Montgomery County and will promptly serve upon Plaintiff.

WHEREFORE, having satisfied all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including the presence of all jurisdictional requirements established by 28 U.S.C. § 1332, Defendant Truist Bank respectfully serves notice that the above-referenced civil action, pending in the District Court of Maryland for Montgomery County is removed therefrom to the United States District Court for the District of Maryland.

Respectfully submitted,

*/s/ Michael B. Brown*

Brian L. Moffet (Fed. Bar No. 13821)
Michael B. Brown (Fed. Bar No. 19641)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Tel: (410) 727-6464
bmoffet@milesstockbridge.com
mbbrown@milesstockbridge.com

*Counsel for Defendant Truist Bank*

3

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 10, 2026, a copy of the foregoing Notice of Removal

was served via first-class mail, postage prepaid, and via email to:

Jacob H. Ziff
Whiteford, Taylor & Preston LLP
7 Saint Paul Street
Baltimore, Maryland 21202
jziff@whitefordlaw.com

*/s/ Michael B. Brown*
Michael B. Brown

4